Good morning, Your Honors. Ricardo Quintanilla for Petitioners. May it please the Court to consider Petitioner's argument. This is a peculiar case. It involves an immigration case that has to do with the removal or the desire of the government to remove a Mexican family from this country. The proceedings took place at the Immigration Court in Los Angeles. The case is peculiar for two big reasons. One is that a review of the administrative record shows that there is no separate opinion by the immigration judge. Where is the immigration judge required to write a separate opinion? You're talking about an oral opinion or a written opinion or what? Well, when I say the reference to an opinion is a decision that the judge has to make. In most immigration cases, there is an opinion separate from the proceedings. In this case, there is a memorandum, but the memorandum did not address at least one of the issues that was raised, at least two of the issues that were raised to the Court. It had to be ---- But is it your position that because there is no opinion, there's no way we can tell the basis of the decision of the immigration judge? Is that your argument? That is part of my argument, because the second reason that makes the case peculiar is that the BIA, the appellate body that decided this case, ruled that there was no requirement that a separate decision be filed. And so when the BIA made this statement and it's filed in the administrative record at page 2, the BIA did not explain its decision. Well, let me just ask you this. Let's assume that it was an error not to, for the I.J. not to prepare a separate decision of some sort. But the BIA's decision in Rodriguez-Carrillo talks about it's a ---- it can be a harmless error. Here, the only claim seemed to be one for an administrative closure, which under D.S. Covarrubias, we don't have any jurisdiction to consider the I.J.'s denial of that. And a motion for a continuance to seek an administrative closure. So are there any merits to the underlying claim so that it would make a difference whether there was a separate opinion or not? I think the underlying claim that we made was the claim that we made to the BIA that the immigration judge needed to provide a decision. This Court has ruled in both C.C. and D. Ashcroft 395, a third 1095, that the BIA has to provide a reasoned explanation for that. Okay. I'm agree. Let's say I agree with you on that. But what prejudice to your client occurred by not having that separate opinion, given that the claim for relief was one over which we have no jurisdiction? The prejudice, Your Honor, is what we raise on our brief to the Court, that the client is entitled to a fuller for hearing. And if the client is going to raise any issue on appeal and the BIA turns around and says there's no requirement for a separate opinion and doesn't provide a reason, that is a prejudice to my client. Well, what issue would you have raised on appeal? Or are you saying you can't know? I mean, were you the attorney during the I.J. hearing? I was not the attorney who represented this family before the immigration judge, Your Honor. I did represent the clients before the BIA. And I was the one who raised the argument about the need for a separate opinion. What issues would you raise that you would be aided or you're impeded because you don't have a separate opinion? It would have been a due process argument, depending on the reasons for the denial of the continuance. But there is no way of knowing that because that decision by the immigration judge is absent. Do we have any authority to review the failure to grant a continuance? BIA. I mean, there's certainly some limit on how much we can get into the activities of the immigration judge. And, I mean, I take it you're telling, you're arguing, among other things, that we have somehow authority to review a refusal to grant administrative closure. Is that right? No, Your Honor. I would argue that it's... Don't you think we have authority to grant it, to review it? Your Honor, if I may address the issue of administrative closure, there was a recent case, and I'm sure counsel for the government will argue that the, that that case, Diaz-Covarrubias, that that case disposes of the issue of administrative closure. However, our argument is that our, the legal challenge is focused on the, on the fact that there is a missing opinion, a separate missing opinion from the immigration judge. And a recent explanation by the BIA in response to your question, Your Honor, what is the authority, let's say, for our challenge? It's a due process. It's self-evident that the reason the district, the immigration judge refused to grant administrative closure is because the board has held that there's only administrative closure if both sides agree to it. And since the government refused to go along with the request for administrative closure, there was nothing for the judge to close. And why did, why should that whole thing be overturned because the judge didn't say, taking 10 or 12 words, I deny administrative closure because the government had not consented. If the judge had said that, that would have been all right? Our challenge is to the denial of the continuance. We, we, we... A continuance to do what? A continuance to bring your administrative closure claim. No. If, I mean, that's like saying I needed a continuance to prevent removal because my taxi overcharged me. No. It's a baseless argument that you're, you're trying to tell us is a basis for review. I disagree with you, Your Honor, in this sense. Why do you disagree with me? Yes. Why isn't Judge Friedman perfectly right that we simply don't have any jurisdiction to review a claim of faulty administrative closure denial because the BIA has held and we agree that both sides have to agree to administrative closure.  Yes, Your Honor. Are you saying that we're wrong, that the administrative closure can be erroneously denied as an abuse of discretion by an I.J., even though the government doesn't want to close it? Yes. Your Honor. Can you answer that question? Let me try, Your Honor. How about starting with yes or no? The answer would be no based on the DS case, if you focus on the issue of administrative closure. Correct? I'm sorry, Your Honor? And that case is a binding precedent. That is correct, which is a case that came while this case was before. However, our focus is not on the administrative closure, but it's in the procedure of the denial of a continuance, the lack of an opinion separate from the memorandum of the case. I don't understand. Suppose you started to argue the case, and after you've been talking for a minute or two, the administrative judge says, well, I understand your position, and I don't want to hear any more of that stuff. I'm going to hear from the government now. Would that have been a reversible error? Because he'd say, I haven't been given an adequate opportunity to present my case? Isn't that the essence of the discretion that a judge has? How long he's going to continue, what form his decision is going to take, how long an opinion he's going to write, whether he or she is going to write any opinion? Isn't that all within the discretion of the judge? Yes, Your Honor, it is within the discretion of the judge. However, there was no set up. But what is wrong with what he do? What did the administrative judge do here that entitles you to ask us to reverse it? I don't understand that. Our argument is that it should have been a separate decision. A continuance should have been granted as a matter of due process in order to have a full and fair hearing to my clients. And that's our argument. The focus is on the nonexistence of this decision by the administrative judge. But you don't have a right. Your client doesn't have a right to a continuance. There is a standard for a continuance with good cause shown. And so is your argument that because the I.J. didn't provide an opinion explaining why he turned down the request for a continuance, you can't appropriately seek appellate review with the BIA and arguing that the I.J. erroneously denied the request for a continuance? Is that what you're arguing? The argument, Your Honor, is an argument that I cannot phrase it because the I.J. never rendered a separate opinion. So I can only speculate as to what the reasons for the denial of the continuance would have been. You've passed your time, Mr. Quintanilla.  Thank you very much, Your Honor. Mr. Minnick. Good morning. Don't feel pressed to use all your time unless you think it's necessary. Thank you, Your Honor. May it please the Court, William Minnick representing the Respondent. This Court lacks jurisdiction to review the immigration judge's denial of a continuance because Petitioner failed to exhaust that claim. I didn't understand that argument in your brief. We have an en banc case of Baby that says when there's a verbano affirmance, every issue that was before the I.J. is deemed to have been brought before the BIA and considered. And so because a continuance objection was raised with the I.J., it was also exhausted. So we clearly have, under a Baby case, we clearly have jurisdiction to consider this continuance argument. Well, in that case, Your Honor, I would invite the Court to consider the fact that even on the merits, the immigration judge appropriately denied the continuance in this case. Well, he may have denied the continuance, but he didn't write an opinion. And that does clearly seem to be inconsistent with the decision in matter of AP and the regulations, which sets forth the criteria for when an I.J. has to prepare a separate opinion, and he violated that. I don't think there's any doubt about that unless you can explain why that wasn't a violation. I mean, the way I read the regulation, 8 CFR 1240-12B in matter of AP, the Board articulated the circumstances when an immigration judge is authorized to issue a summary decision under the regulation. And the criteria that the Board articulated in AP are that the petitioner concedes the factual allegations, concedes the charge of removability, and then either is ineligible for any relief or doesn't apply for any relief or only applies for voluntary departure, which is granted. And those criteria were satisfied in this case. Petitioner did concede the factual allegations. He did concede the charge of removability. He was ineligible for any relief other than voluntary departure. He applied for voluntary departure, and that was granted. But is there a summary opinion in this case? Because I thought matter of AP said that the order form itself would not meet that criteria. I think the Board did suggest that in AP and DICTA. It didn't reach the issue because I think in that case the petitioner in that case had not expressly conceded the charge of removability, so the Board decided that a summary decision simply was it didn't meet the criteria in that case because he hadn't conceded the charge of removability, unlike in this case. And the Board did discuss in DICTA the immigration judge's order. But the Board also noted that the regulation, 1240.12b, doesn't specifically say what the format for a summary decision would be. Our position is that in this case it is the order of the immigration judge. So your position is that the order of the immigration judge meets the criteria for being a summary opinion. Is that correct? That is correct, Your Honor. The document at record at 31. And where does the petitioner concede removability? I didn't see that in the transcript. That is record at 47, lines 9 and 10. Conceding the charge, answer yes. And as far as the regulation goes, the regulation does not prohibit a summary decision simply because the petitioner makes a procedural request for a continuance or administrative closure. In other words, the requirements have been for issuing a summary decision have been articulated by the Board and they've been satisfied in this case. There's no requirement that a summary decision is not authorized simply because a petitioner makes a procedural request for a continuance or administrative closure. Is conceding a charge the same as conceding removability? Yes, Your Honor. I mean, at least in this case, he was only charged with one round of removability, so conceding the charge. This says the Respondent expressly admits that he or she is removable as charged. Is it your position that conceding the charge is expressly admitting that he or she is removable as charged? That is our position, Your Honor. I mean, it's clear from the record there was one charge of removability and he conceded the charge. So our position would be that that's a concession to his removability. I would also invite this Court to consider that even if the Court did find that a summary decision under this section was not appropriate under the regulation, that this was harmless error, the Court should decline to remand the case for preparation of a full decision because Petitioner simply has not been prejudiced. The reasons for the immigration judge's denial of administrative closure and the denial of the continuance are clear from the transcript. He denied administrative closure because DHS counsel did not agree. Record of 48. And he denied. Did he say that? I don't know. Did the immigration judge say that the reason I'm denying administrative closure is because the government hasn't agreed to it? The exchange went like this. There was a request for administrative closure. The immigration judge said, I don't think I have authority to administratively close. This is Record of 48. I'm sorry. The immigration judge said, I don't think I have discretion to administratively close on humanitarian grounds. I believe if the government agrees, it's possible. That never used any sort of reason, couldn't it? I mean, the immigration judge might have thought that he couldn't give administrative closure because it came too late. I don't know. I mean, I suppose there would have been no problem if he had said what I suggested earlier, that I'm denying administrative closure because the government hasn't agreed to it. That would have been, and I take it his objection is that the judge didn't say that. And I suppose your answer to that is that the judge didn't have to say that because it's self-evident. We do believe it's self-evident, Your Honor. I mean, the immigration judge said, I believe if the government agrees, I can grant it. And the government counsel says, we would not agree, and that was the end of the discussion. But what's the reason for not granting the continuance that the IJ gave? Because there, there is a standard that the continuance is granted with good cause, and we've held that that's something that we can review on appeal. DHS counsel brought to the immigration judge's attention the fact that the Petitioner had conceded removability and was ineligible for any relief, so there was no reason to grant a continuance. And the immigration judge. But where in the record does the immigration judge give his reasons for not granting the continuance? It's a record at 50. The DHS counsel at lines 7 and 8 says, for the record, we would object because there's no other relief. And then at lines 15 and 16, the immigration judge says, DHS counsel's right. I don't have a choice. Which is erroneous for the continuance, right? That might be correct for the administrative closure where the policy is both parties have to agree. But that's certainly not correct for the continuance. Well, I don't believe he was referring to simply the DHS counsel's objection. I think he was referring to the fact that the Petitioner had conceded removability and was ineligible for relief. In other words, there was nothing to continue the case for. There was no good cause. The Petitioner said, I wanted to go up the chain in DHS to try and get administrative closure and therefore want a continuance. I don't know if that's a good reason or a bad reason, but it didn't seem to me that the I.J. ruled on that and said that's not a good cause. And then there's no opinion which explains the I.J.'s reasoning. I mean, our position is that it's evident from the record that he denied the continuance based on the fact that the Petitioner was ineligible for any relief, and DHS counsel had previously said that he wouldn't agree to administrative closure. In other words, that wasn't a reason to continue the case. But again, we would argue that he has not demonstrated prejudice. Just sort of a procedural device to put off the case for a while, isn't it? I mean, it's not a dismissal of a case or anything like that. In effect, it's saying, well, let's put this case on the shelf for a while. That's correct, Your Honor. Just in conclusion, I would, again, say that a remand to the Board of Immigration Judge to issue a full decision really wouldn't help Petitioner. I mean, I believe that's the relief he's asking for in making this claim, is that he wants the case remanded for issuance of a full decision, which will just simply articulate what essentially is cleared from the record. And our position would be that he hasn't demonstrated prejudice, and the Court should not remand the case for a full decision because it wouldn't help Petitioner at this point. All right. Thank you very much. Thank you, Your Honor. That exhausts your time. The case of Mendoza-Ramirez will be submitted at this time. Thank you, counsel. And the next case on the calendar is Natalia Kocheleva, and that has been submitted on the briefs. And the next case for argument is, and I may not be pronouncing this right, Naj or Najee, Navee Atta v. Mukasey.
judges: Bea, Ikuta, Friedman